UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAMON S. LLOYD,                         Case No. 1:10-cv-169
          Petitioner,

                                        Spiegel, J.
vs                                      Litkovitz, M.J.


WARDEN, ROSS CORRECTIONAL              **REPORT AND**
INSTITUTION,                           **RECOMMENDATION**
          Respondent.

          Petitioner, a prisoner in state custody at the Ross Correctional Institution in Chillicothe,

Ohio, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with the

assistance of counsel.  This matter is now before the Court on the petition, respondent's return of

writ with exhibits, and petitioner's reply to the return of writ with exhibits, as supplemented by a

pleading filed on April 26, 2011.  (Docs. 1, 11, 19, 20).

## I. PROCEDURAL HISTORY

### State Trial Proceedings

          On November 13, 2006, the Warren County, Ohio, grand jury returned an indictment

charging petitioner with one count of murder in violation of Ohio Rev. Code § 2903.02(A) and

an attached firearm specification.  (Doc. 11, Ex. 1).  The incident giving rise to the charge

occurred on November 1, 2006, at petitioner's residence, when petitioner "fatally shot" the

victim, David Richardson, "with his Smith & Wesson nine millimeter semi-automatic handgun."

(*See* Doc. 11, Ex. 17, p. 1).

          Petitioner waived his right to a jury trial and elected to be tried by the court.  After a

bench trial, petitioner was found guilty as charged.  (Doc. 11, Ex. 3).  On March 29, 2007,

petitioner was sentenced to a fifteen (15) year to life term of imprisonment for the murder

offense, to be served consecutively to a three (3) year prison term imposed for the firearm

specification. (Doc. 11, Ex. 4).

   Thereafter, on April 11, 2007, petitioner's trial counsel filed a motion for new trial on

petitioner's behalf. (Doc. 11, Ex. 5).   In the supporting memorandum, petitioner contended that

he was entitled to a new trial under Ohio R. Crim. P. 33(A)(4) or, alternatively, a modification in

the court's verdict to a "finding of Voluntary Manslaughter" because:  (1) the evidence was

insufficient to establish his guilt for murder and could only "sustain a finding of Voluntary

Manslaughter, a lesser included offense;" (2) he had "met the *prima facie* burden of establishing

his claim of self defense," which "went uncontested by the prosecution;" and (3) "there was

ample and sufficient evidence [introduced] to indicate that [he] committed the offense under a

sudden fit of anger or a moment of incited passion as provoked by the victim." (Doc. 11, Ex. 5).

   On June 4, 2007, the trial court denied petitioner's motion for new trial, reasoning in

pertinent part as follows:

> The Court as the trier of the facts here (trial by jury having been expressly waived
> by the defendant), made extensive findings on the record at the time of the
> announcement of the verdict.  The Court expressly found that the defendant failed
> to prove by a preponderance of the evidence the affirmative defense of self-
> defense.  While the Court did consider the lesser offense of voluntary
> manslaughter the Court found that there was lacking in the record sufficient
> evidence that the defendant acted under a sudden fit of rage induced by sufficient
> provocation on the victim's behalf to justify the taking of a life.
>
> In essence, the defendant merely requests that the Court reconsider the decision
> already rendered.  The Court declines the opportunity to do so and finds that the
> verdict was supported by sufficient, reliable and competent evidence.  The
> evidence was carefully examined by the Court prior to announcing its verdict and
> the Court sees no basis as the trier of fact for changing its verdict.

(Doc. 11, Ex. 7).

## State Direct Appeal Proceedings

Both petitioner's trial counsel and another attorney filed timely notices of appeal on

petitioner's behalf to the Ohio Court of Appeals, Twelfth Appellate District, which were

consolidated into one appeal. (*See* Doc. 11, Exs. 8-10).[1] With the assistance of his new counsel,

petitioner filed an appellate brief, raising the following assignments of error:

> 1. The use of the appellant's silence and request for counsel as proof of guilt is plain error.
>
> 2. The court erred in failing to consider a lesser included offense of involuntary manslaughter.
>
> 3. Appellant's conviction is not supported by sufficient evidence and is against the manifest weight of the evidence.
>
> 4. Appellant was denied a fair trial due to the ineffective assistance of trial counsel.
>
> 5. Cumulative errors deprived the appellant of a fair trial.

(Doc. 11, Ex. 11).

On July 7, 2008, the Ohio Court of Appeals issued an Opinion overruling petitioner's

assignments of error and affirming the trial court's judgment. (Doc. 7, Ex. 14).[2]

Thereafter, petitioner's appellate counsel filed a timely appeal to the Ohio Supreme Court

---

[1]It appears from the record that when filing the notice of appeal on petitioner's behalf, petitioner's trial attorneys also served notice of their withdrawal as petitioner's counsel for purposes of the appeal. (*See* Doc. 11, Ex. 8).

[2]The Ohio Court of Appeals issued its decision affirming the trial court's judgment after first dismissing the appeal because petitioner failed to comply with an Order to file an addendum or amended appellate brief with an appended copy of the entry or order appealed from by November 15, 2007. (*See* Doc. 11, Exs. 13-14). Petitioner's counsel filed a motion for reconsideration, which included an amended appellate brief setting forth the same assignments of error together with an appended copy of the entry or order being appealed. (Doc. 11, Ex. 15). The state appellate court granted the motion for reconsideration and reinstated the appeal on January 17, 2008. (Doc. 11, Ex. 16).

on petitioner's behalf. (Doc. 11, Ex. 18). In the memorandum in support of jurisdiction filed by

counsel, petitioner asserted two propositions of law:

> 1. A Defendant May Not Be Questioned on Cross-Examination Concerning His
> Invocation of His Right To Silence Except to Counter Prior Inconsistent
> Statements.
>
> 2. A Trial Court Cannot Merely Assume an Element of An Offense And Use This
> Assumption As The Basis For Failing To Consider a Lesser Included Offense.

(Doc. 11, Ex. 19). On December 31, 2008, the Ohio Supreme Court declined jurisdiction to hear

the case without opinion. (Doc. 11, Ex. 21).

### State Post-Conviction Proceeding

In January 2008, while petitioner's appeal was pending before the Ohio Court of Appeals,

petitioner's appellate counsel filed a petition for post-conviction relief on petitioner's behalf with

the trial court. (Doc. 11, Ex. 22). In the petition, petitioner alleged that his trial counsel was

ineffective because he failed to contact certain witnesses, who had been identified as favorable

defense witnesses, and misled petitioner into believing that he had done so. (Doc. 11, Ex. 22, pp.

5-6).

On July 29, 2008, the trial court denied the petition for post-conviction relief, reasoning

in relevant part as follows:

> The only additional issue raised by this petition is the claim by the defendant that
> his trial attorney failed to locate additional witnesses who somehow could
> corroborate his self-defense claim. Since the matter was tried to the Court, this
> author expressly found that the defendant feared the victim but that the shooting
> was nonetheless not done in self-defense. Even had the witnesses been procured
> and testified as the defendant asserts, the Court finds that the outcome would not
> have changed. Here, the witnesses cannot be located or will not support the claim
> despite the Court granting a continuance to allow new counsel to file supporting
> affidavits based on first hand knowledge rather than rank hearsay or other
> supporting evidentiary material. Trial Counsel who both are duly licensed

4

attorneys are presumed effective.

(Doc. 11, Ex. 24).  Apparently, petitioner did not pursue an appeal from that decision in the state

courts.  (*See* Doc 11, Brief, p. 7 & Ex. 28; Doc. 19, Brief, p. 4).

### Application To Reopen Appeal

With the assistance of new counsel, petitioner filed an application on December 31, 2009,

with the Ohio Court of Appeals, Twelfth Appellate District, requesting that the appeal be

reopened pursuant to Ohio R. App. P. 26(B) for consideration of an ineffective assistance of

appellate counsel claim.  (Doc. 11, Ex. 25).  Specifically, petitioner alleged that his appellate

counsel was ineffective for failing to raise claims challenging the trial court's employment of

"incorrect legal standards" in determining (1) whether or not petitioner had proven he shot the

victim in self-defense; (2) the credibility of petitioner's trial testimony; and (3) whether an

adverse inference could be drawn "from the absence of testimony" by petitioner's wife in support

of the defense.  (Doc. 11, Ex. 25, pp. 2-3, 7-10).

On April 8, 2010, the Ohio Court of Appeals denied petitioner's reopening application on

the ground that the petition was not filed "within ninety days from the journalization of the

appellate judgment," and petitioner had not shown "good cause" for the late filing, as required by

Ohio R. App. P. 26(B)(1).  (Doc. 11, Ex. 27).  Apparently, at some point, petitioner's counsel

filed a motion with the Ohio Court of Appeals to reissue the entry denying the reopening

application because "the attorneys who represented appellant with respect to his application for

reopening were not served by the clerk with [the] April [8,] 2010 entry denying the application."

(Doc. 19, Brief, p. 4; Ex. 2, Appendix A).  The Ohio Court of Appeals granted petitioner's

motion and re-filed its April 8, 2010 entry on December 2, 2010. (Doc. 19, Brief, p. 4; Ex. 2,

Appendices A-B).

On December 20, 2010, petitioner's counsel filed a notice of appeal and memorandum in support of jurisdiction with the Ohio Supreme Court. (Doc. 19, Exs. 1-2). In the memorandum in support of jurisdiction filed by counsel on petitioner's behalf, petitioner asserted the following claim as the sole proposition of law:

> A defendant is denied due process of law when his application to reopen appeal on the basis of ineffective assistance of appellate counsel is barred as not being timely filed without good cause when there are genuine issues on the merits that indicate appellant was deprived of the effective assistance of appellate counsel.

(Doc. 19, Ex. 2, p. 2). Petitioner states in a supplemental pleading filed April 26, 2011, that the Ohio Supreme Court declined jurisdiction to hear the case and dismissed the appeal on March 2, 2011. (Doc. 20).[3]

### Federal Habeas Corpus

The same counsel who represented petitioner in the state reopening proceedings filed the instant federal habeas corpus petition on petitioner's behalf on March 12, 2010, when petitioner's reopening application was still pending before the Ohio Court of Appeals for ruling. (Doc. 1). The petition initially alleged seven grounds for relief. (*See* Doc. 1). However, after respondent filed a return of writ responding to petitioner's allegations (*see* Doc. 11), petitioner withdrew all but the following two claims for relief:

> **Ground Five:** Petitioner was denied due process of law due to the ineffective assistance of appellate counsel in violation of Petitioner's Fifth, Sixth and Fourteenth Amendment rights under the Federal Constitution to have effective assistance of appellate counsel.

---

[3]Petitioner states in the supplemental pleading that a copy of the Ohio Supreme Court's March 2, 2011 entry is attached as Exhibit 1. (Doc. 20). However, the attachment could not be found in the Court's CM/ECF online docketing system.

6

**Supporting Facts:** Appellate counsel failed to raise the following issues in petitioner's original appeal. The trial court, as trier of fact[,] failed to apply the correct law regarding self-defense; failed to apply the correct law in determining the credibility of Petitioner as a witness; and failed to apply the correct law and improperly drew negative inferences from Petitioner's failure to call [a] certain witness at trial.

**Ground Seven:** Petitioner was denied a fair trial where the trier of fact applied the wrong law regarding material aspects of the case in violation of Petitioner's Fifth, Sixth and Fourteenth Amendment rights under the Federal Constitution.

**Supporting Facts:** Trial counsel failed to provide the trial court with the correct law on all material aspects of Petitioner's case and failed to object to the trial court's use of the incorrect law at the time the trial court rendered its decision. Appellate counsel failed to raise the following issues in Petitioner's original appeal. The trial court, as trier of fact[,] failed to apply the correct law regarding self-defense; failed to apply the correct law in determining the credibility of Petitioner as a witness; and failed to apply the correct law and improperly drew negative inf[ere]nces from Petitioner's failure to call [a] certain witness at trial. This resulted in [a] violation of Petitioner's Constitutional right to a fair trial and to Petitioner's opportunity to present a complete defense to a properly instructed trier of fact.

(*See* Doc. 19, pp. 5-24; *see also* Doc. 1, pp. 14, 17-18).

Because petitioner has withdrawn five grounds for relief, only Grounds Five and Seven remain subject to review by this Court. In the return of writ filed in response to the petition, respondent contends that petitioner has waived these claims as a result of his procedural defaults in the state courts. (Doc. 11, Brief, pp. 29-31, 34-38). Petitioner states in the petition that he did not exhaust his state remedies with respect to the claim alleged in Ground Five because it was raised in his application for reopening of the appeal, which was then still pending before the Ohio Court of Appeals. (Doc. 1, p. 14). Petitioner also provides the following explanation as to why he did not exhaust his state remedies with respect to the claims alleged in Ground Seven:

Some of the issues and arguments are pending in the Twelfth District Court of Appeals . . . in Petitioner's pending Application for Reopening of Appeal, in the

7

context of ineffective assistance of appellate counsel. The issue of trial counsel's failure to raise these issues was not raised in state court due to appellate counsel's failure to raise the same.

(Doc. 1, p. 18).

## II. OPINION

### Petitioner Is Not Entitled To Habeas Relief Because He Procedurally Defaulted And Has Waived The Remaining Claims Alleged In Grounds Five And Seven Of The Petition

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985). If the petitioner fails to fairly present his constitutional claims through the requisite levels of state appellate review to the state's highest court or commits some other procedural default that prevents a merit-based review of the federal claims by the state's highest court, he may have waived the claims for purposes of federal habeas review. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

It is well-settled under the procedural default doctrine that the federal habeas court may

be barred from considering an issue of federal law from a judgment of a state court if the

judgment rests on a state-law ground that is both "independent" of the merits of the federal claim

and an "adequate" basis for the state court's decision. *See Harris v. Reed,* 489 U.S. 255, 260-62

(1989). The Supreme Court has stated:

> In all cases in which a state prisoner has defaulted his federal claims in state court
> pursuant to an independent and adequate state procedural rule, federal habeas
> review of the claims is barred unless the prisoner can demonstrate cause for the
> default, and actual prejudice as a result of the alleged violation of federal law, or
> demonstrate that failure to consider the claims will result in a fundamental
> miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner

files an untimely appeal, *Coleman*, 501 U.S. at 750, if he fails to present an issue to a state

appellate court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or

if he fails to comply with a state procedural rule that required him to have done something to

preserve the issue for appellate review. *United States v. Frady*, 456 U.S. 152, 167-69 (1982);

*Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996).

> The Sixth Circuit applies a four-part test to determine if a claim is procedurally defaulted:

> (1) the court must determine that there is a state procedural rule that is applicable
> to the petitioner's claim and that the petitioner failed to comply with the rule; (2)
> the court must determine whether the state courts actually enforced the state
> procedural sanction; (3) it must be decided whether the state procedural forfeiture
> is an adequate and independent state ground upon which the state can rely to
> foreclose review of a federal constitutional claim; and (4) if the court has
> determined that a state procedural rule was not complied with and that the rule
> was an adequate and independent state ground, then the petitioner is required to
> demonstrate that there was cause for him not to follow the procedural rule and that
> he was actually prejudiced by the alleged constitutional error.

*Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138

(6th Cir. 1986)).

In the usual case, the adequate and independent state ground doctrine will not apply to bar consideration of a federal claim on habeas corpus review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on a state procedural bar. *Harris,* 489 U.S. at 263; *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).[4] In cases where the last state court to render a reasoned opinion on the claim explicitly relies on a procedural bar, the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim. *Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991).

In addition, the rule precluding federal habeas corpus review of claims rejected by the state courts on state procedural grounds applies only in cases where the state rule relied on by the state courts is deemed "adequate" or, in other words, involves a "firmly established and regularly followed state practice" at the time that it was applied. *Ford v. Georgia,* 498 U.S. 411, 423-24 (1991); *Richey v. Mitchell,* 395 F.3d 660, 679 (6th Cir.) (citing *White v. Schotten,* 201 F.3d 743, 751 (6th Cir. 2000)), *rev'd on other grounds,* 546 U.S. 74 (2005) (per curiam); *Warner v. United States,* 975 F.2d 1207, 1213 (6th Cir. 1992); *see also Rideau v. Russell,* 342 F. App'x 998, 1002 (6th Cir. 2009). To be considered regularly followed, a procedural rule need not be applied in every relevant case, but rather "[i]n the vast majority of cases." *Dugger v. Adams,* 489 U.S. 401, 410 n.6 (1989); *see also Byrd v. Collins,* 209 F.3d 486, 521 (6th Cir. 2000).

---

[4]In *Harris,* the Supreme Court noted that the rule requiring that the state court plainly state that its judgment rests on a state procedural default "applies only when a state court has been presented with the federal claim" raised by the state prisoner as a ground for federal habeas relief. *Harris,* 489 U.S. at 263 n.9; *see also Teague v. Lane,* 489 U.S. 288, 299 (1989) (plurality opinion) ("The rule announced in *Harris . . .* assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding."). The *Harris* Court further noted: "Of course, a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." *Harris,* 489 U.S. at 263 n.9.

10

Finally, the state court's adequate and independent finding of procedural default will preclude habeas corpus review of the petitioner's federal claims unless the petitioner can show "cause" for the default and "prejudice" as a result of the alleged violations of federal law, or that failure to consider the federal claims will result in a "fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750; *Harris,* 489 U.S. at 262; *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, petitioner committed numerous procedural defaults. First, with respect to the claims of error alleged in Ground Seven of petition, petitioner failed to object "to the trial court's use of the incorrect law at the time the trial court rendered its decision," and failed to raise claims on direct appeal challenging the trial court's purportedly improper application of the law and trial counsel's role in allowing the error to occur. (*See* Doc. 1, p. 18). Because petitioner never presented such claims to the Ohio appellate courts as independent assignments of error, the claims alleged in Ground Seven are waived absent a showing of cause and prejudice or that a fundamental miscarriage of justice will occur if they are not addressed herein.

Petitioner has argued ineffective assistance of appellate counsel as "cause" for his procedural default in the direct appeal proceedings and as a separate ground for relief in Ground Five of the petition. Ineffective assistance of counsel may constitute cause for a procedural default. *See, e.g., Murray,* 477 U.S. at 488. However, in order to establish cause based on this argument, the ineffective assistance of counsel claim itself must not be procedurally defaulted. *See Edwards v. Carpenter,* 529 U.S. 446, 452 (2000); *Landrum v. Mitchell,* 625 F.3d 905, 934 (6th Cir. 2010), *petition for cert. filed,* _ U.S.L.W. _ (U.S. Apr. 4, 2011) (No. 10-9911). Here,

11

petitioner procedurally defaulted any ineffective assistance of appellate counsel claim, either for the purpose of establishing "cause" for his default of the claims alleged in Ground Seven or as an independent ground for relief in Ground Five, because he did not file a timely reopening application with the Ohio Court of Appeals, and the state appellate court relied on that state procedural ground in denying the application.

As the Ohio Court of Appeals pointed out in its entry denying petitioner's application to reopen the appeal (*see* Doc. 11, Ex. 27), Ohio R. App. P. 26(B) provides that a reopening application based on an ineffective assistance of appellate counsel claim must be filed "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." Here, petitioner failed to comply with that rule when he filed his application to reopen the appeal on December 31, 2009, over a year after the 90-day period expired on October 6, 2008 from the July 7, 2008 appellate-judgment journalization date. (*See* Doc. 11, Exs. 14, 25).

The Ohio Court of Appeals was the only state court to issue a reasoned decision overruling petitioner's reopening application. The court actually enforced the state procedural bar by clearly and expressly stating as the sole ground for its decision that petitioner had "failed to show good cause as to why his application was not filed" within the requisite 90-day period. (Doc. 11, Ex. 27).

The state appellate court relied on an independent and adequate state procedural ground in overruling the reopening application, because the 90-day filing deadline and "good cause" requirement set forth in Ohio R. App. P. 26(B) were "firmly established" and "regularly followed" by the time they were applied in this case. *See Monzo v. Edwards,* 281 F.3d 568, 577

12

(6th Cir. 2002); *see also Landrum,* 625 F.3d at 934; *Hoffner v. Bradshaw,* 622 F.3d 487, 504 (6th

Cir. 2009), *cert. denied,* __ S.Ct. __, 2011 WL 743055 (U.S. Apr. 18, 2011) (No. 10-9276).[5]  The

Ohio Supreme Court's later entry declining jurisdiction to hear the appeal must be presumed to

rely on the same procedural default. *Cf. Taqwiim v. Johnson,* No. 99-3425, 2000 WL 1234322,

at **3 (6th Cir. Aug. 22, 2000) (citing *Levine v. Torvik,* 986 F.2d 1506, 1517 n.8 (6th Cir. 1993),

and *Ylst,* 501 U.S. at 803-04).

      Because petitioner thus procedurally defaulted both the claims alleged in Ground Seven

and the ineffective assistance of appellate counsel claim alleged in Ground Five, he has waived

the two grounds for relief absent a showing of cause and prejudice for his defaults in the state

courts, or that a fundamental miscarriage of justice will occur if the claims are not considered

herein. *See, e.g., Coleman,* 501 U.S. at 750; *Harris,* 489 U.S. at 262.  No such showing has been

made in this case.

      First, petitioner has not demonstrated cause for his procedural defaults.  As discussed

above, petitioner is unable to rely on his procedurally-defaulted ineffective assistance of appellate

counsel claim as cause for his procedural default of the trial-error claims alleged in Ground

Seven. Moreover, the reasons cited by petitioner to establish cause for his untimely reopening

application, which were expressly rejected by the Ohio Court of Appeals in denying the

application, are also unavailing to excuse petitioner's procedural default of the ineffective

---

[5]In his reply to the return of writ, petitioner relies on the Sixth Circuit's decision in *Franklin v. Anderson*, 434 F.3d 412 (6th Cir. 2006), as support for the argument that the time requirement set forth in Ohio R. App. P. 26(B) is not an adequate and independent state procedural rule. (Doc. 19, Brief, pp. 6-7).  However, the Sixth Circuit has made it clear in subsequent decisions that "the timeliness requirements of Rule 26(B) were firmly established and regularly followed by September 1998" and, therefore, "are an adequate and independent state procedural bar to review." *Landrum,* 625 F.3d at 934; *see also Hoffner*, 622 F.3d at 505 n.4 (specifically noting that the petitioner's reliance on *Franklin* was "misplaced" because in *Franklin*, "the Rule 26(B) motion was filed on June 30, 1993, one day before Rule 26(B) went into effect").

13

assistance of appellate counsel claim alleged in Ground Five.

Second, petitioner has not demonstrated that failure to consider either the claims alleged in Ground Seven or the ineffective assistance of appellate counsel claim alleged in Ground Five will result in a "fundamental miscarriage of justice," or in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent." *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995). Although petitioner has contended that the evidence was insufficient to support his murder conviction and that he met his burden of showing that he shot the victim in self-defense, a colorable claim of actual innocence sufficient to excuse a procedural default requires a showing of factual innocence, not mere legal insufficiency. *See Bousley v. United States,* 523 U.S. 614, 623-24 (1998) (citing *Sawyer v. Whitley,* 505 U.S. 333, 339 (1992)); *Carter v. Mitchell,* 443 F.3d 517, 538 (6th Cir. 2006); *Readnour v. Warden, Hocking Corr. Inst.,* No. 1:10cv5, 2011 WL 222165, at *11 (S.D. Ohio Jan. 4, 2011) (Litkovitz, M.J.), *adopted,* 2011 WL 219630 (S.D. Ohio Jan. 24, 2011) (Beckwith, J.).

Accordingly, in sum, in the absence of a showing of cause for petitioner's procedural defaults in the state courts or that a fundamental miscarriage of justice will occur if the defaulted claims are not considered herein, the Court concludes that petitioner has waived the ineffective assistance of appellate counsel claim alleged in Ground Five of the petition, as well as the underlying claims of trial error alleged in Ground Seven of the petition. Therefore, the grounds for relief remaining for review by the Court are barred from review and are thus subject to dismissal with prejudice.

### IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be

**DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims that were withdrawn by petitioner, as well as the remaining claims alleged in Grounds Five and Seven of the petition, which this Court has concluded are waived and thus procedurally barred from review. Under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[6]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 5/2/2011

cbc

Karen L. Litkovitz
United States Magistrate Judge

---

[6]Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in the petition. *See Slack,* 529 U.S. at 484.

15

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DAMON S. LLOYD,
     Petitioner,

    vs

WARDEN, ROSS CORRECTIONAL
INSTITUTION,
     Respondent.

Case No. 1:10-cv-169

Spiegel, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).