```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

|                                      |   |                   |
|--------------------------------------|---|-------------------|
| DAMON S. LLOYD,                      | : | NO. 1:10-CV-169   |
| Petitioner,                          | : |                   |
| vs.                                  | : | **OPINION AND ORDER** |
| WARDEN, ROSS CORRECTIONAL INSTITUTION, | : |                   |
| Respondent.                          | : |                   |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 21) and Petitioner's Objection (doc. 24). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation and DENIES WITH PREJUDICE Petitioner's petition for writ of habeas corpus.

**I.  Background**

The facts of this case are detailed in the Opinion of the Court of Appeals, Twelfth Appellate District of Ohio (doc. 11-1). On November 1, 2006, at about 12:50pm, Petitioner fatally shot David Richardson with a nine millimeter semi-automatic handgun (Id.). The shooting occurred at Petitioner's residence (Id.). Throughout his testimony at trial, Petitioner claimed self-defense, explaining that he never intended to kill Richardson; that once Richardson was in the house, Petitioner had nowhere to go; and that he had no choice but to shoot at Richardson to protect himself and

his family (Id.).

After a bench trial before the Warren County, Ohio Court of Common Pleas, Petitioner was found guilty of one count of murder in violation of Ohio Rev. Code § 2903.02(A) and an attached firearm specification (doc. 21).  The court sentenced Petitioner to a fifteen year to life term of imprisonment for the murder offense with a consecutive three-year term for the firearm specification (Id.).

On April 11, 2007, Petitioner's trial counsel filed a motion for a new trial (Id.).  On June 4, 2007, the trial court denied Petitioner's motion for new trial (Id.).

Both Petitioner's trial counsel and another attorney filed timely notices of appeal to the Ohio Court of Appeals, Twelfth Appellate District, which were consolidated into one appeal (Id.).  On July 7, 2008, the Ohio Court of Appeals issued an Opinion overruling Petitioner's assignments of error and affirming the trial court's judgment (Id.).

Petitioner's appellate counsel then filed a timely appeal to the Ohio Supreme Court (Id.).  On December 31, 2008, the Ohio Supreme Court declined jurisdiction to hear the case without opinion (Id.).

In January 2008, while Petitioner's appeal was pending before the Ohio Court of Appeals, Petitioner's appellate counsel filed a petition for post-conviction relief with the trial court

2

(Id.).  In the petition, Petitioner alleged that his trial counsel was ineffective because he failed to contact certain witnesses, who had been identified as favorable defense witnesses, and misled Petitioner into believing that he had done so (Id.).  On July 29, 2008, the trial court denied the petition for post-conviction relief (Id.).  Petitioner did not pursue an appeal from that decision in the state courts (Id.).

On December 31, 2009, with the assistance of new counsel, Petitioner filed an application with the Ohio Court of Appeals, Twelfth Appellate District, requesting that the appeal be reopened pursuant to Ohio R. App. P. 26(B) for consideration of an ineffective assistance of appellate counsel claim (Id).  On April 8, 2010, the Ohio Court of Appeals denied Petitioner's reopening application on the ground that the petition was not filed within ninety days from the journalization of the appellate judgment, and Petitioner had not shown good cause for the late filing, as required by Ohio R. App. P. 26(B)(1) (Id.).

On December 20, 2010, Petitioner's counsel filed a notice of appeal and memorandum in support of jurisdiction with the Ohio Supreme Court (Id.).  Petitioner stated in a supplemental pleading filed April 26, 2011 that the Ohio Supreme Court declined jurisdiction to hear the case and dismissed the appeal on March 2, 2011 (Id.).

The same counsel who represented Petitioner in state

3

reopening proceedings filed the instant federal habeas corpus petition on Petitioner's behalf on March 12, 2010, when Petitioner's reopening application was still pending before the Ohio Court of Appeals for ruling (Id.).  The petition initially alleged seven grounds for relief, but Petitioner ultimately withdrew all but the following two:

> **Ground Five:** Petitioner was denied due process of law due to the ineffective assistance of appellate counsel in violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment rights under the Federal Constitution to have effective assistance of appellate counsel (Id.).[1]
>
> **Ground Seven:** Petitioner was denied a fair trial where the trier of fact applied the wrong law regarding material aspects of the case in violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment rights under the Federal Constitution (Id.).[2]

In the return of writ filed in response to the petition, Respondent contended that Petitioner has waived these claims as a result of his procedural defaults in the state courts (Id __.).

---

[1]Petitioner alleged the following supporting facts: Appellate counsel failed to raise the following issues in Petitioner's original appeal.  The trial court failed to apply the correct law in determining self-defense and in determining Petitioner's credibility as a witness;  and improperly drew negative inferences from Petitioner's failure to call a certain witness at trial (Id.).

[2]Petitioner alleged the following supporting facts:  Trial counsel failed to provide the trial court with the correct law on all material aspects of Petitioner's case and failed to object to the court's use of the incorrect law.  Appellate counsel failed to raise the same issues described in footnote 1 of this Order (Id.).

Petitioner stated in the petition that he did not exhaust his state remedies with respect to the claim alleged in Ground Five because it was raised in his application for reopening of the appeal, which was then still pending before the Ohio Court of Appeals (Id.). Petitioner also provided the following explanation as to why he did not exhaust his state remedies with respect to the claims alleged in Ground Seven:

> Some of the issues and arguments are pending in the Twelfth District Court of Appeals . . . in Petitioner's pending Application for Reopening of Appeal, in the context of ineffective assistance of appellate counsel. The issue of trial counsel's failure to raise these issues was not raised in state court due to appellate counsel's failure to raise the same (Id.).

**II. The Magistrate Judge's Report and Recommendation (doc. 21)**

In her Report and Recommendation, the Magistrate Judge found that Petitioner is not entitled to habeas relief because he procedurally defaulted and has waived the remaining claims alleged in Grounds Five and Seven of the petition (doc. 21).

The Magistrate Judge reported that a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action (Id. citing 28 U.S.C. § 2254(b)(1), (c)). In order to satisfy the fair presentation requirement, a constitutional claim must be presented to the state's highest court (Id. citing O'Sullivan v. Boerckel, 526 U.S. 838, 845, 848 (1999);

5

Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990); Leroy v. Marshall, 757 F.2d 94, 97, 99-100 (6th Cir. 1985)).  If the petitioner fails to meet the fair presentation requirement or commits some other procedural default that prevents a merit-based review of the federal claims by the state's highest court, he may have waived the claims for purposes of federal habeas review (Id. citing O'Sullivan, 526 U.S. at 847-48; Harris v. Reed, 489 U.S. 255, 260-62 (1989); McBee v. Grant, 763 F.2d 811, 813 (6th Cir. 1985); Weaver v. Foltz, 888 F.2d 1097, 1099 (6th Cir. 1989)).

The Magistrate Judge further noted that it is well-settled under the procedural default doctrine that the federal habeas court may be barred from considering an issue of federal law from a judgment of a state court if the judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision (Id. citing Harris v. Reed, 489 U.S. 255, 260-62 (1989)).

The Magistrate Judge cited the Sixth Circuit's four-part test to determine whether a claim is procedurally defaulted:

> (1) whether there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule;  (2) whether the  state courts actually enforced the state procedural sanction; (3) whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim;  and (4) if the state procedural rule was not complied with and the rule was an adequate and independent state ground, the

6

> petitioner must demonstrate cause for not following the procedural rule and that he was actually prejudiced by the alleged constitutional error (Id. citing Buell v. Mitchell, 274 F.3d 337, 348 (6th Cir. 2001)).

The Magistrate Judge stated that in the usual case, the adequate and independent state ground doctrine will not apply to bar consideration of a federal claim on habeas review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on a state procedural bar (Id. citing Harris, 489 U.C. at 263; Simpson v. Jones, 238 F.3d 399, 406 (6th Cir. 2000). The Magistrate further noted that in cases where the last state court to render a reasoned opinion on the claim explicitly relies on a procedural bar, the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim (Id. citing Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991)).

In addition, stated the Magistrate Judge, the rule precluding federal habeas corpus review of claims rejected by the state courts on procedural grounds applies only in cases where the state rule relied on by the state courts is deemed "adequate," i.e. it involves a "firmly established and regularly followed state practice" at the time it was applied (Id. citing Ford v. Georgia, 498 U.S. 411, 423-24 (1991); Richey v. Mitchell, 395 F.3d 660, 679 (6th Cir. 2005); Warner v. United States, 975 F.2d 1207, 1213 (6th Cir. 1992); Rideau v. Russell, 342 F.App'x 998, 1002 (6th Cir.

7

2009)).

Finally, the Magistrate Judge reported that the state court's adequate and independent finding of procedural default will preclude habeas corpus review of the petitioner's federal claims unless the petitioner can show "cause" for the default and "prejudice" as a result of the alleged violations of federal law, or that failure to consider the federal claims will result in a "fundamental miscarriage of justice" (Id __. citing Coleman v. Thompson, 501 U.S. 722, 750 (1991); Harris, 489 U.S. at 262; Murray v. Carrier, 477 U.S. 478, 485 (1986); Engle v. Isaac, 456 U.S. 107, 129 (1982); Wainwright v. Sykes, 433 U.S. 72, 87 (1997)).

In this case at hand, the Magistrate Judge found Petitioner committed numerous procedural defaults.  First, with respect to the claims of error alleged in Ground Seven of petition, Petitioner failed to object "to the trial court's use of the incorrect law at the time the trial court rendered its decision," and failed to raise claims on direct appeal challenging the trial court's purportedly improper application of the law and trial counsel's role in allowing the error to occur (doc. 21).  Because Petitioner never presented such claims to the Ohio appellate courts as independent assignments of error, the Magistrate Judge found the claims alleged in Ground Seven are waived absent a showing of cause and prejudice or that a fundamental miscarriage of justice will occur if they are not addressed (Id.).

8

Petitioner has argued ineffective assistance of appellate counsel as "cause" for his procedural default in the direct appeal proceedings and as a separate ground for relief in Ground Five of the petition (Id.).  However, the Magistrate Judge stated that in order to establish cause based on this argument, the ineffective assistance of counsel claim itself must not be procedurally defaulted (Id. citing Edwards v. Carpenter, 529 U.S. 446, 452 (2000); Landrum v. Mitchell, 625 F.3d 905, 934 (6th Cir. 2010)). The Magistrate Judge found that Petitioner procedurally defaulted any ineffective assistance of appellate counsel claim, either for the purpose of establishing "cause" for his default of the claims alleged in Ground Seven or as an independent ground for relief in Ground Five, because he did not file a timely reopening application with the Ohio Court of Appeals – he failed to file his reopening application within ninety days of journalization of the appellate judgment as required by Ohio R. App. P. 26(B) – and the state appellate court relied on that state procedural ground in denying the application (Id.).

The Magistrate Judge noted that the Ohio Court of Appeals was the only state court to issue a reasoned decision overruling Petitioner's reopening application (Id.).  The Magistrate Judge found that the court actually enforced the state procedural bar by clearly and expressly stating as the sole ground for its decision that petitioner had "failed to show good cause as to why his

9

application was not filed" within the requisite 90-day period (Id.).

The Magistrate Judge found that the state appellate court relied on an independent and adequate state procedural ground in overruling the reopening application, because the 90-day filing deadline and "good cause" requirement set forth in Ohio R. App. P. 26(B) were "firmly established" and "regularly followed" by the time they were applied in this case (Id. citing Monzo v. Edwards, 281 F.3d 568, 577 (6th Cir. 2002); Landrum, 625 F.3d at 934; Hoffner v. Bradshaw, 622 F.3d 487, 504 (6th Cir. 2009)).  The Magistrate Judge stated that the Ohio Supreme Court's later entry declining jurisdiction to hear the appeal must be presumed to rely on the same procedural default (Id. citing Taqwiim v. Johnson, No. 99-3425, 2000 WL 1234322, at **3 (6th Cir. Aug. 22, 2000)).

The Magistrate Judge stated that because Petitioner procedurally defaulted both the claims alleged in Ground Seven and the ineffective assistance of counsel claim alleged in Ground Five, he has waived the two grounds for relief absent a showing of cause and prejudice for his defaults in the state courts, or that a fundamental miscarriage of justice will occur if the claims are not considered herein (Id. citing Coleman, 501 U.S. at 750; Harris, 489 U.S. at 262)).  The Magistrate judge found that no such showing has been made in this case (Id.).

First, the Magistrate Judge found that Petitioner has not

10

demonstrated cause for his procedural defaults (Id __.). The Magistrate Judge stated that, as discussed above, Petitioner is unable to rely on his procedurally-defaulted ineffective assistance of counsel claim as cause for his procedural default of the trial-error claims alleged in Ground Seven (Id __.). Moreover, the Magistrate Judge found the reasons cited by Petitioner to establish cause for his untimely reopening application unavailing to excuse his procedural default of the ineffective assistance of appellate counsel claim alleged in Ground Five (Id.).

Second, the Magistrate Judge found that Petitioner has not demonstrated that failure to consider either the claims alleged in Ground Five will result in a "fundamental miscarriage of justice," or in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent" (Id. citing Murray, 477 U.S. at 495-96; Schlup v. Delo, 513 U.S. 298, 327 (1995)). The Magistrate Judge stated that although Petitioner has contended that the evidence was insufficient to support his murder conviction and that he met his burden of showing that he shot the victim in self-defense, a colorable claim of actual innocence sufficient to excuse a procedural default requires a showing of factual innocence, not mere legal insufficiency (Id__. citing Bousley v. United States, 523 U.S. 614, 623-24 (1998); Carter v. Mitchell, 443 F.3d 517, 538 (6th Cir. 2006); Readnour v. Warden, Hocking Corr. Inst., No. 1:10cv5, 2011 WL 222165, at *11

11

(S.D. Ohio Jan. 4, 2011) (Litkovitz, M.J.), adopted, 2011 WL 219630 (S.D. Ohio Jan. 24, 2011) (Beckwith, J.)).

The Magistrate Judge concluded that in the absence of a showing of cause for Petitioner's procedural defaults in the state courts or that a fundamental miscarriage of justice will occur if the defaulted claims are not considered herein, Petitioner has waived the ineffective assistance of appellate counsel claim alleged in Ground Five of the petition, as well as the underlying claims of trial error alleged in Ground Seven of the petition (Id.). Thus, the Magistrate Judge found, the grounds for relief remaining for review by the Court are barred from review and are thus subject to dismissal with prejudice (Id.). Accordingly, the Magistrate Judge recommended the Court deny Petitioner's petition with prejudice, declined to issue a certificate of appealability, and certify that any appeal of an order adopting her recommendation not be taken in good faith (Id.).

**III. Petitioner's Objection to the Magistrate Judge's Report and Recommendation (doc. 24)**

In his Objection, Petitioner submits the Magistrate Judge's refusal to consider Grounds Five and Seven on the merits will result in a fundamental miscarriage of justice (doc. 24). Petitioner claims the record before the Court demonstrates a colorable claim of actual innocence (Id.).

Petitioner contends the "Court of Appeals' Finding of Facts clearly demonstrate that the Decedent had been threatening

12

Petitioner and his family with physical harm and to burn their house" (Id.). Petitioner further contends that such findings show Petitioner shot Decedent two times inside Petitioner's dining room. Petitioner noted that the trial court weighed his testimony and noted that the whole shooting could have been avoided had Petitioner called the police, and that Petitioner's wife did not testify as to any threats or that the Decedent was attempting to break in (Id.). Finally, Petitioner noted the Court found relevant that the killing took place in broad daylight in considering whether Defendant's fear was genuine (Id.).

      Petitioner argues that none of the above facts the trial court weighed are relevant to the self-defense analysis under Ohio law (Id.). Under Ohio law, Petitioner contends, he must merely demonstrate by a preponderance of the evidence that 1) he was not at fault in creating the situation giving rise to the affray, 2) he had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of deadly force, and, 3) he must not have violated a duty to retreat and avoid danger (Id. citing State v. Martin, 21 Ohio St.3d 91 (1986)). Moreover, Petitioner contends under Ohio law, one may use such means as necessary to repel an assailant from the house or to prevent forcible entry...even to the taking of his life (Id citing Williford 49 Ohio St.3d 247 (1990)). Implicit in such rule, contends Petitioner, is that there is no

13

duty to retreat from one's home (Id.). Petitioner contends the trial court erred in implying he had a duty as a part of self-defense to avoid danger and should have called 911 (Id __.). He further contends the court erred in stating Petitioner had to establish a bona fide belief of imminent danger of death or great bodily harm and his only means of escape was by use of deadly force (Id.). Proof of such elements, contends Petitioner, simply is not required in Ohio when asserting self-defense from within one's home (Id.).

In Petitioner's view, had the trial court used the proper standard, no reasonable juror could have convicted him (Id.). As such, he contends he has demonstrated the record before the Court constitutes a colorable claim of actual innocence sufficient to excuse a procedural default (Id.). He concludes by requesting a review of his Grounds Five and Seven on the merits (Id.).

**IV. Discussion**

Having reviewed this matter, the Court finds the Magistrate Judge's conclusion correct that Petitioner is not entitled to habeas relief because he procedurally defaulted and has waived his claims alleged in Grounds Five and Seven of the Petition. Further Petitioner has not demonstrated cause for his procedural defaults, nor has he demonstrated the alleged errors probably resulted in the conviction of one who is actually innocent. Murray v. Carrier, 477 U.S. 478, 485 (1986).

14

The Court has reviewed the state appellate court's decision in this matter and finds sufficient evidence such that a reasonable trier of fact could have found Petitioner guilty of murder. The evidence showed Petitioner had a potential motive to murder the Decedent, due to Decedent's involvement with Petitioner's wife. Moreover Petitioner's Objection mischaracterizes the record. He states the appeals court made a factual finding that Decedent had threatened to burn down Petitioner's house. The appeals court merely noted Petitioner's claim that Decedent had threatened to burn down the house. Indeed, the trial court noted that all the evidence proffered concerning Decedent's alleged threats came from Petitioner himself, who clearly had an interest in embellishing so as to support his theory of self-defense. The trial court did not find Petitioner's story credible that Decedent barged into the house based on evidence that 1) there was no blood inside the house, where Petitioner claimed he shot Decedent twice, and 2) Petitioner's wife's 911 call after the shooting when she stated twice that Decedent was trying to get into the house when he was shot by Petitioner.

The Court agrees that it is immaterial to the self-defense analysis whether Petitioner's wife testified, or that the event took place in the middle of the day. However, the trial court had plenty of evidence showing Petitioner lacked a genuine belief that he was in imminent danger, and the his testimony lacked

15

credibility.  The Court simply does not find a colorable claim of actual innocence such that there is a basis to excuse Petitioner's procedural defaults.

Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 21) in all respects, and DENIES with prejudice Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1).  The Court further DECLINES to issue a certificate of appealability with respect to the claims that were withdrawn by Petitioner, as well as the remaining claims alleged in Grounds Five and Seven of the petition, which the Court has concluded are waived and thus procedurally barred from review.  Under the first prong of the applicable two-part standard, a jurist of reason would not find it debatable whether this Court is correct in its procedural ruling.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85, (2000).  Pursuant to 28 U.S.C. §1915(a)(3), this Court CERTIFIES that any appeal of this order will not be taken in good faith, and any application to appeal <u>in forma pauperis</u> will be DENIED.

SO ORDERED.


Dated: January 10, 2012        /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge

16